560 P.2d 1228

**In the Matter of a Member of the State Bar of Arizona, Theodore A. GEYLER, Respondent.**

**No. SB–94.**

Supreme Court of Arizona, En Banc.

Feb. 17, 1977.

Everett, Bury & Moeller, P.C. by Lawrence D. Mattice and David C. Bury, Tucson, for State Bar of Arizona.

Chandler, Tullar, Udall & Richmond by S. Thomas Chandler and Jack I. Redhair, Tucson, for respondent.

HAYS, Justice.

A complaint was filed against Theodore A. Geyler, respondent, and this complaint was forwarded to an administrative committee for hearing. The formal hearing was held on January 22, 1975, and thereafter recommendations of the committee along with findings of fact were forwarded to the Board of Governors of the State Bar pursuant to the Supreme Court Rules. The findings of fact of the local administrative committee indicate as follows:

That on or about December 4, 1969, the respondent, Theodore A. Geyler, accepted

employment for the purposes of representing the complainant with regard to a mortgage foreclosure action against property owned by the complainant. The respondent's employment on complainant's behalf was secured by her son who paid a fee to the respondent. Thereafter, complainant's property was foreclosed, and on August 26, 1970, the last day for statutory redemption, complainant sought respondent's services and offered to pay respondent a fee of $2,000.00 if respondent could obtain an extension of time within which to permit complainant to redeem her property. Respondent advised complainant that there was no possibility of obtaining such an extension and the only way complainant could save her property was to borrow the necessary funds.

The complainant attempted to borrow the funds and later the same day returned to the respondent's office and told respondent that the only money she had with which to redeem the property was the $2,000.00 previously mentioned. Respondent suggested to complainant that he had a friend who could finance the additional funds necessary to redeem the property which would provide complainant with additional time in which to raise the money and obtain the return of her property. It was apparent that at no time did respondent intend that his friend advance the necessary funds, but rather respondent intended to advance the funds himself from his own bank account. With the sum of $4,611.61 from his own back account, together with the $2,000.00 provided by complainant, the property was redeemed. Respondent told complainant that she could get her property back at any time within 60 days by paying the full sum of $6,000.00.

The only instrument prepared by respondent was the quitclaim deed from complainant to a friend of the respondent and that deed was executed on the same day that the property was redeemed. Although respondent advised complainant she could get her property back at any time within 60 days, there was no memorandum or letter prepared to evidence this transaction. Sixty days after the transaction, respondent prepared a quitclaim deed from his friend to himself, and he did not communicate with the complainant, advising her that she could no longer redeem her property. She was not told this until she visited the respondent sometime after the 60 days had expired. At the time of that visit, respondent told complainant she could not redeem the property but she could live on the property as long as respondent owned the same.

At all times during these transactions, and on August 26, 1970, complainant was relying on respondent for legal advice, as well as business advice, and was justified in so doing. There in fact did exist an attorney/client relationship.

The complainant continued to reside on the property with respondent's knowledge. Thereafter, in late 1972, complainant received a notice to vacate the property; that notice resulted from a sale of the property by the respondent to a third party. At no time prior to being contacted by complainant's new counsel did respondent advise complainant in writing that respondent claimed ownership of complainant's property.*

The administrative committee found that respondent engaged in unprofessional and unethical conduct in violation of the Code of Professional Responsibility, specifically Canons 1 and 5 and Disciplinary Rules 1–102(A)(4), 5–101(A) and 5–104(A). The committee recommended that the respondent be suspended for a period of 30 days. Thereafter, on December 12, 1975, the Board of Governors of the State Bar conducted a hearing on this matter. The respondent appeared with counsel and made an unsworn statement and responded to questions from the members of the Board.

* We find it appropriate to note that the respondent received no profit from his dealings with the complainant. In a civil action which was settled advantageously to complainant, she received all of the consideration given to respondent for the sale and the return of a portion of the property.

His counsel discussed the matter with the members of the Board and also made a closing statement.

The Board of Governors made new and additional findings of fact and a recommendation. The findings of fact of the Board of Governors encompass a number of additional facts which were not included in the findings of the committee. It would appear that many of the fact issues which were decided in favor of the respondent were decided against him by the action of the Board of Governors. The Board of Governors recommended that the respondent be suspended for a period of three years. Objections were filed by respondent.

Thereafter, this matter was referred to the Supreme Court and oral argument was heard by the Court.

■ The first issue presented by respondent in his brief concerns the authority of the Board of Governors, under the rules, to make findings of fact in addition to those made by the administrative committee. Rule 36(d) of the Rules of the Supreme Court, in pertinent part, reads:

> "Within thirty days after the recommendations of the committee are considered by the board as provided in Rule 36(b), the board shall make its decision upon the record submitted by the committee, the statement of respondent, if any, and the oral arguments presented to the board, if any. The board shall either dismiss the charges, remand pursuant to Rule 36(c)(1), or recommend discipline. . . ."

It would appear that the Board of Governors, in making new and additional findings of fact, exceeded their authority as enunciated by the foregoing rule. We therefore proceed to determine this matter without regard to the findings of fact which have been submitted on the record by the Board of Governors.

■ As we have indicated in previous opinions, the Supreme Court is the trier of the ultimate facts, as well as the law, in a case of a charge of unprofessional conduct by an attorney. *In re Moore,* 110 Ariz. 312, 518 P.2d 562 (1974); *In re Wilson,* 106 Ariz. 34, 470 P.2d 441 (1970).

■ In holding as we have regarding the action of the Board of Governors in making findings of fact, it appears that we have met the principal objections raised. Suffice it to say that a careful examination of the record indicates that the findings of fact of the administrative committee are fully supported by the evidence. We sustain the conclusions of the administrative committee and the Board of Governors that find that respondent engaged in unprofessional and unethical conduct in violation of the Code of Professional Responsibility.

■ It is ordered that the respondent, Theodore A. Geyler, be suspended from the practice of law for a period of six (6) months, commencing fifteen (15) days from the date of the mandate or order in this matter. It is further ordered that respondent comply with the provisions of Rule 37(h), Rules of the Supreme Court, as applicable.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.